

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. A. McElrath
County Auditor
Cooke County
Gainesville, Texas

Dear Sir:

Opinion No. 0-4586
Re: Constitutionality of portion of
House Bill 569, 47th Legisla-
ture, applicable to Cooke and
De Witt Counties.

Your request for opinion has been received and care-
fully considered by this department. We quote from your re-
quest as follows:

"House Bill # 569, passed by the 47th Legis-
lature, provides in part for the payment of not
to exceed fifty dollars per month as travelling
expenses for County Commissioners in all counties
having a population of not less than 24,900 and
not more than 25,000 inhabitants. Census reports
show only two counties falling within this popu-
lation bracket as follows: Cooke County, 24,900
and DeWitt County 24,955.

"In accordance with the terms of the above
mentioned law the County Commissioners of Cooke
County passed an order allowing each member fifty
dollars per month as travelling expenses.

"Knowing that in Opinion 0-4081 you hold
that an auditor has no authority to and should
not approve warrants for travelling expenses of
commissioners where only one county is within the
population bracket, your opinion is desired as to
my duty as auditor to approve such warrants for
travel expenses of commissioners in Cooke County
where two counties fall within the population
bracket.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Also, please send me a copy of Opinion O-3091."

House Bill 369, 47th Legislature of Texas, reads in part as follows:

"Section 1. That the salaries and compensation of each of the County Commissioners in all counties having a population of not less than twenty-four thousand, nine hundred (24,900) inhabitants and not more than twenty-five thousand (25,000) inhabitants shall be Eighteen Hundred Dollars ($1800) per annum, payable in equal monthly installments, and that the Commissioners Court is hereby authorized to allow each Commissioner not in excess of Fifty Dollars ($50) per month as traveling expenses; . . ."

It is our opinion that the above quoted portion of said House Bill 369 is clearly unconstitutional. It is a local or special law which attempts to regulate the affairs of two counties where a general law could be made applicable. The population brackets provided in the above quoted portion of the act apply only to Cooke and De Witt Counties according to the 1940 Federal Census. We think the case of Bexar County v. Tynan, et al, 97 S. W. (2d) 467, is authority for this holding. May we point out that the population brackets set out in the portion of the act above quoted not affords no fair basis for the classification adopted and is not based upon a real distinction between counties in said brackets and counties with populations above and below said population brackets. The courts take judicial notice of the fact that the greater the population of a county the more onerous are the duties of its officers. The portion of the act above quoted clearly discriminates against counties of greater population and their county commissioners. Also see opinions Nos. O-2127, O-2973 and O-4081 of this department, copies of which are enclosed herewith for your information. Pursuant to your request we are also enclosing a copy of opinion No. O-3091 of this department.

It is our further opinion that neither you, as County Auditor of Cooke County, nor the County Auditor of De Witt County has authority to and should not approve any warrants for traveling expenses under said act.

The general law and not this special law will control the salaries of the county commissioners. However, in

this case the maximum amount allowed as salary is the same ($1800). See Article 2350, V. A. C. S., and present valuations of said counties.

We also invite your attention to the provision found in both Articles 1928 and 2340, Vernon's Annotated Texas Civil Statutes, which must be incorporated in the official bond of a county judge or county commissioner and is as follows:

". . . will not vote or give his consent to pay out county funds except for lawful purposes."

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

ASSISTANT
ATTORNEY GENERAL

WJF:GO

ENCLOSURE

